FILED

Environmental Court of Vermont
State of Vermont

JUL   1 2008

VERMONT
NWRCNW T L=CQURT

E N T R Y R E G A R D I N G M O T I O N
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Appeal of Rivers Development, LLC                    Docket No. 7-1-05 Vtec
Project:      Rivers Development, LLC Quarry              *47- 3-07*
Applicant:    Rivers Development, LLC

Municipal DRB Conditional Use

Title: Motion for Judgment as a Matter of Law, No. 36

Filed:     April 25, 2008

Filed By: Sheens, Ronald A., Attorney for:
          Interested Person Town of Moretown

Response filed on 05/20/08 by Appellant Rivers Development, LLC Opposition
Response filed on 06/09/08 by Co-Counsel for party 2 Geoffrey H. Hand Reply

      Granted                    )( Denied                        Other

  While trial has been suspended, the Town of Moretown Selectboard, the Moretown Planning Commission and the Moretown School Board (collectively the "Town") moved for judgment as a matter of law on the Applicant Rivers Development, LLC's ("Rivers") Question 6, which asks whether the quarry project is in conformance with the Town Plan. A granting of this motion would lead to the legal conclusion that Rivers's pending Act 250 permit application must be denied without completing our taking of evidence, as no permit may issue without a positive finding under Act 250 Criterion 10. 10 V.S.A. § 6086(a)(l0).

  The Town based its motion on Policy #7 from the Moretown Town Plan ("Town Plan"), which provides that "development on slopes in  *excess of 25%*  shall be prohibited." Also, the Town relied on the undisputed fact that at least a portion of Rivers's quarry project will be located on or result in slopes in excess of 25%. Rivers opposed the Town's motion.

  For the reasons set forth below, we  **DENY** the Town's motion.

  Rivers contends that the Town's motion is beyond the scope of the pending appeals because Policy #7 was not preserved by the Town for our review in this appeal.   We disagree. When an appellant-such as Rivers-secures for our review the legal issue of "conformance with Town Plan" in its Statement of Questions, a reasonably broad scope of challenges to a development's conformance with the Town Plan falls within our jurisdiction. See   In re Jolley Assoc.. 2006 VT 132, 9, 181 Vt. 190, 194-95 (Environmental Court jurisdiction includes issues "intrinsic" to the questions posed on appeal).    Policy #7 is found in the Town Plan, thus, conformance with Policy #7 is necessarily within the scope of review in which we must gauge conformance with the Town Plan.

  However, the more pointed issue raised by the Town's motion and Rivers's objection is whether the Town's failure to adequately respond to specific discovery requests from Rivers could be the basis for prohibiting the Town from raising the Policy #7 issue at trial.    The Town's contention that it first learned of the presence of steep slopes on the project site on the first day of trial is difficult for the Court to accept.

Through site plans, site visits and discovery. the Town surely knew that the project was proposed for steep slopes. Thus, after a careful review of the discovery requests and responses specifically those responses by the Town that do not mention non-conformance with Policy dt7 or the unauthorized development on steep slopes --and pursuant to the Court's broad discretion in managing an efficient and fair trial, we could prohibit the '[own from raising the Policy P7 issue. However. much like the caution we should exert when considering whether to prohibit Rivers from presenting all their evidence before entering judgment. we are not inclined to exert so severe a penalty upon the Town as to preclude it from presentin [g] evidence upon a Town Plan conformance issue that is otherwise within this C'ourt's jurisdiction.    We note for all parties. however, that we evil] closely review further claims of non-disclosure that may frustrate the efficient resolution of these appeals.    All parties should now consider themselves warned that high, tight fastball pitches and discovery omissions will meet with little further tolerance

Also, because of the manner in which trial has been suspended. Rive] s's presentation of evidence is not yet completed. Linder V.R.C.P. Rule 52(c). "the court may decline to render any judgment until the close of all the evidence." Here, the evidentiary portion of the hearing is not yet completed because the hearing issues were bifurcated.    Thus, the possibility remains that evidence will be received that may impact upon our determination of conformance w itli all applicable provisions of the Town Plan.

Pursuant to this Court's .ianuary 18. 2008 Order, it was directed that "I a it and water issues...under Moretown Zoning Regulations...shall he addressed at a subsequent merits hearing." Over the course of several days in February, the first phase of the trial was conducted. The second phase of the trial    which possibly implicates issues raised in the pending motion - has yet to occur.    Therefore, because evidence which is relevant to the pending motion has not vet been heard. the Court declines to render judgment until the close of all evidence

The Town contends that the prohibition on development on slopes in excess of 25", does not implicate air and water issues. The Town therefore asserts that all evidence on this matter has already been introduced.    While it is undisputed that the project site has slopes in excess of 25°, the Court is awaiting testimony on the impact of this proposed project on those slopes. Policy [t]17 addresses the impacts of development on steep slopes in order to provide erosion control and stornlwater   management   measures, slope stabilization, and down-slope protection from stormwatcr runoff. These impacts involve several Act 250 criteria that have been put on hold until the second portion of the bi-iurcated trial. It is inappropriate to make a dispositive finding prior to receiving all relevant evidence.    Theretbre, we deny the Town's motion for judgment as a matter of law.

in rendering this determination, we are mindful of the inherent inconsistency in a Town Plan that recognizes the value of earth resources and its interpretation that would absolutely ban the milling of those resources, given that mining occurs on or results in steep sloping lands. Policy 7 states that "development on slopes in excess of 25% shall be prohibited." "Tie Town now interprets this provision as a specific and mandatory prohibition, and thus asserts that it satisfies the three-part test from In[r]c fohn_l. Flynn_ I:siice andKC[y]stone Ucv. [_oil_. t:4C (Y)(1- 2-1:13. Findings of f act, Conch of l.aw, and Order (Vt. Envtl. Bd.. II1av 4, 2004).

Our first step is to determine whether quarrying activities are to be included in the definition of "development" for purposes of Policy t77.    Generally, "development" includes quarrying activities.    The Town relied upon this general definition of development. and the

definition found in the Town's zoning by-laws, to conclude that the quarry project is development. However, our analysis does not end with that definition. That is, we must look to whether the Town Plan gives adequate notice that Policy #7 intends to prohibit quarry activities on steep slopes--- as a form of development.

The <u>Flynn</u> test tells us that a provision from a town plan is considered to "evince a specific policy" if it "(a) pertains to the area or district in which the project is located; (b) is intended to guide or proscribe conduct or land use within [that area or district]; and (c} is sufficiently clear to guide the conduct of an average person, using common sense and understanding." <u>Id.</u> at 27-28. We conclude that under the <u>Flynn</u> test, while Policy #7 is mandatory, it does not evince a general prohibition against steep slope quarry activities because it is not sufficiently clear to guide the conduct of an average person seeking to develop a quarry in the Town. In order to reach the Town's conclusion, we would have to ignore the other provisions of Policy #7 that set parameters for home construction, landscaping, lighting, and the protection of steep slopes. These parameters seem to focus on the development of structures on steep slopes, and not the removal of steep slopes that quarrying activities encompass. To reach the Town's conclusion, we would also have to ignore the fact that this Town Plan does not generally prohibit the extraction of earth resources. Thus the provisions are in conflict and cannot be read as providing adequate notice that the language of Policy #7 is intended to act as an absolute general bar to the excavation of earth resources. See this Court's January 18, 2008 Decision and Order.

While we note that neither the Town nor Rivers played an active role in the permitting process for the Moretown Landfill Quarry, we were intrigued by the fact that substantial quarrying activities were approved and encouraged on the former Landfill property-which had a significant amount of slopes over 25%. This fact adds support to our conclusion that Policy #7 is not sufficiently clear to guide the conduct of the average person, in light of the fact that quarrying was approved on the steeply sloped Landfill property in the Town.

In light of the above, we **DENY** the Town's request to enter judgment in its favor prior to the receipt of all evidence. Because of our ruling here, we regard as moot and therefore DENY Rivers's request to hold an in-person hearing on the Town's motion. The Court looks forward to addressing all remaining scheduling items during the next in-person conference, now scheduled for Monday, July 14 th, at 3:00 P.M.

 

                                                   <u>July 1, 2008</u>

Tho3 as S. Durkin, Environmental Judge                                 Date

Date copies sent: 0y//jolt                            Clerk's initials:

Copies sent to:

See attached Service List.